UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DONALD MILLER,<br><br>            Petitioner,<br><br>    v.<br><br>GREG LEWIS, WARDEN, PELICAN BAY STATE PRISON,<br><br>            Respondent. | No. SACV 13-974 JVS (FFM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

On or about June 18, 2013, petitioner Thomas Donald Miller ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). Petitioner challenges a conviction and sentence imposed by the Orange County Superior Court in Case No. 95CF2455 in 1996.

The Court takes judicial notice of its files with respect to a prior habeas petition (the "Prior Petition") Petitioner filed in this Court on or about November 7, 2002. (Case No. CV 02-01033 JVS (FMO)). The Court notes that the Prior Petition was directed to the same conviction and/or sentence sustained in the Orange County Superior Court that is challenged here. On November 6, 2003, Judgment was entered in Case No. CV 02-01033 JVS (FMO) denying the Prior Petition on the merits and dismissing the action with prejudice. Petitioner's subsequent appeal to the Ninth Circuit was dismissed in 2004.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> "(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Petitioner's prior federal habeas petition was denied on the merits.

1  Therefore, because the Petition now pending challenges the same conviction as
2  Petitioner's prior habeas petition in Case No. CV 02-01033 JVS (FMO), it
3  constitutes a second and/or successive petition within the meaning of 28 U.S.C.
4  §2244(b).  To the extent Petitioner seeks to pursue the same claims he previously
5  asserted, the Petition is barred by the provisions of 28 U.S.C. § 2244(b)(1).  To
6  the extent Petitioner seeks to pursue claims not previously asserted, it was
7  incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth
8  Circuit authorizing the District Court to consider the Petition, prior to his filing of
9  it in this Court.  Petitioner's failure to secure such an order from the Ninth Circuit
10 deprives the Court of subject matter jurisdiction.
11        For the foregoing reasons,
12        IT IS ORDERED that this action be summarily dismissed, pursuant to Rule
13 4 of the Rules Governing Section 2254 Cases in the United States District Courts.
14        LET JUDGMENT BE ENTERED ACCORDINGLY.

16 DATED: July 5, 2013

_____
JAMES V. SELNA
United States District Judge

Presented by:

 /S/ FREDERICK F. MUMM
    FREDERICK F. MUMM
United States Magistrate Judge